UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                      Case No. 8:08-CV-2225-T-27EAJ

ROBERTA NEWCOMBE,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Summary Judgment (Dkt. 9) and Defendant's Memorandum in Opposition (Dkt. 11). Upon consideration, Plaintiff's Motion for Summary Judgment (Dkt. 9) is GRANTED.

### *Background*

Twenty-six years ago, Harvard University made a $2,500.00 loan to Roberta Newcombe under the federally-funded National Direct Student Loan Program. To secure the loan, Newcombe executed a promissory note dated August 31, 1983, which bears an interest rate of 5% per annum. Newcombe defaulted on her payment obilgation on April 1, 1986.

On April 5, 2007, Newcombe's loan was assigned to the United States Department of Education. As of December 29, 2008, the principal balance on the promissory note was $2,385.67, and the accrued interest was $2,160.45. Interest has continued to accrue on the principal at the rate of 5% per annum.

### *Standard*

Summary judgment is proper if following discovery, the pleadings, depositions, answers to

interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004). Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24.

## Discussion

Suits to enforce promissory notes "are among the most suitable classes of cases for summary judgment." *Lloyd v. Lawrence*, 472 F.2d 313, 316 (5th Cir. 1973).[1] In suits to collect on a promissory note, the United States may establish a prima facie case by "introduction of the note, the guaranty, and the sworn transcript of account." *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975). The United States submitted the Declaration of Alberto Francisco, which authenticates a copy of Newcombe's promissory note and sets forth the statement of her account. Accordingly, the

---

[1] The Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

2

United States has met its prima facie burden.

In response to the United States' motion, Newcombe filed a memorandum in opposition (Dkt. 11), an affidavit (Dkt. 12), and a declaration (Dkt. 18). Newcombe does not aver that she has already paid the note. Instead, she attempts to support other defenses, none of which raise a genuine issue of material fact.

Newcombe first argues that a "collection profile" for Harvard University indicates there was not an executed note. She relies on a summary of a conversation in which a party "SAYS SHE WILL PULL FILE AND SEE IF NOTE WAS THERE BECAUSE WE CANNOT ASSIGN TO DEPT OF ED W/O THE NOTE." The summary, however, only requests confirmation that the note was in the file. Plaintiff has already attached the executed note to its declaration in support of summary judgment. Newcombe argues that the second page of the promissory note has not been executed. However, she does not deny that she executed the note as "Maker" on the first page.

Newcombe asserts that the second page of the note has been modified by an unknown person. The "modification" on the second page consists of an assignment of the note, with a signature dated March 20, 2007. Newcombe has not shown how this "modification" precludes enforcement of the note.

Newcombe argues that nearly 25 years have passed without any collection efforts. However, there is no statute of limitations to bar the United States from filing an action for repayment of a defaulted student loan. *See* 20 U.S.C. § 1091a; *United States v. Glockson*, 998 F.2d 896, 897 (11th Cir. 1993) (Congress eliminated all statutes of limitations for lawsuits by the United States to collect defaulted student loans, which applied retroactively and revived previously barred actions). Similarly, even if Newcombe had been prejudiced by the delay in collection, laches is not a defense to an action brought by the United States to enforce its rights. *See Herman v. South Carolina Nat.*

*Bank*, 140 F.3d 1413, 1427 (11th Cir. 1998) (citing *United States v. Summerlin*, 310 U.S. 414, 416 (1940)).

## *Conclusion*

Newcombe has not raised a genuine issue of material fact, and the United States is entitled to judgment as a matter of law. Accordingly, the Court finds that judgment is due to be entered in favor of the United States in the amount of $2,385.67 in principal and $2,160.45 in interest, for a total of $4,546.12, plus prejudgment interest on the principal amount of $2,385.67 from December 29, 2008 to the date of this Order at the rate of 5% per annum.

Based on the foregoing, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Dkt. 9) is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Plaintiff in the amount of $2,385.67 in principal and $2,160.45 in interest, for a total of $4,546.12, plus prejudgment interest on the principal amount of $2,385.67 from December 29, 2008 to the date of this Order at the rate of 5% per annum, for which sum let execution issue.

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers this 18th day of June, 2009.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record
Defendant

4